UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**FRANK ALVAREZ,**

    **Plaintiff,**

vs.                                              CASE NO.:

**GREGORY HVAC LLC, a Florida**
**Limited Liability Company, and**
**HEATH PERRY, Individually,**

    **Defendants.**

_____/

## COMPLAINT

Plaintiff, FRANK ALVAREZ, by and through his undersigned counsel, sues the Defendants, GREGORY HVAC LLC, a Florida Limited Liability Company, and HEATH PERRY, Individually, and alleges as follows:

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq.

2. Venue lies within United States District Court for the Middle District of Florida, Tampa Division because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. 1391(b).

## PARTIES

3. Plaintiff, FRANK ALVAREZ, is a resident of Hillsborough County, Florida at all times material and worked for Defendant in this Juridical District during the applicable statute of limitations.

4. Defendant, GREGORY HVAC LLC, is a Florida Limited Liability Company authorized and doing business in this Judicial District.

5. At all times material hereto Defendant, HEATH PERRY, Individually, was an officer of the Defendant Corporation and had direct responsibility and control over the compensation paid to employees of

the organization.

6. Defendants are an enterprise engaged in commerce as defined by 29 U.S.C. § 203(s)(l)(A).

7. Plaintiff was an employee of Defendants pursuant to 29 U.S.C. § 203(e)(l), Defendants were Plaintiff's employer within the meaning of 29 U.S.C. § 203(d), and Defendants employed Plaintiff within the meaning of 29 U.S.C. § 203(g).

## FACTUAL ALLEGATIONS

8. Plaintiff, FRANK ALVAREZ, was employed with Defendants from approximately January 2019 to May 31, 2019 as an HVAC Installer earning approximately $500 a week.

9. As Installer, Plaintiff worked in excess of 40 hours per work week for which he was not compensated by Defendants at a rate of time and one half his regular hourly rate. Specifically, prior to the beginning of his shift, Plaintiff was required to do pre-shift work off the clock, work during his lunch break, and respond to customer and other issues at the facility all times. Plaintiff was not compensated for any of this work at the rate of one and a halftime his regular rate of pay.

10. When Plaintiff requested payment for all hours worked, Defendants threatened to falsely report Plaintiff to authorities for stealing supplies.

11. Defendants falsely reported Plaintiff to authorities for stealing supplies, a claim which is patently false.

## COUNT I
### (Fair Labor Standard Act - Overtime)

12. Plaintiff realleges paragraphs one (1) through eleven (11) as though set forth fully herein.

13. The employment of Plaintiff provided for a forty (40) hour work week but throughout his respective employment Plaintiff was required to work and did work a substantial number of hours in excess of forty (40) hours per work week.

14. At all times material, Defendants failed to comply with 29 U.S.C. § 201 et seq., in that Plaintiff worked for Defendants in excess of the maximum hours provided by law, but no provision was made by Defendants to compensate Plaintiff at the rate of time and one-half his regular rate of pay for the hours worked

over forty (40) in a work week.

15. Defendants' failure to pay Plaintiff the required overtime pay was intentional and willful.

16. As a direct and legal consequence of Defendants' unlawful acts, Plaintiff has suffered damages and has incurred, or will incur, costs and attorneys' fees in the prosecution of this matter.

WHEREFORE, Plaintiff, FRANK ALVAREZ, respectfully request all legal and equitable relief allowed by law including judgment against Defendants, GREGORY HVAC LLC and HEATH PERRY, Individually, for overtime compensation, liquidated damages, prejudgment interest; payment of reasonable attorneys' fees and costs incurred in the prosecution of this claim and equitable relief declaring and mandating the cessation of Defendants' unlawful pay policy and such other relief as the court may deem just and proper.

## COUNT II
### (Fair Labor Standard Act - Retaliation)

17. Plaintiff realleges paragraphs one (1) through sixteen (16) as though set forth fully herein.

18. Plaintiff, FRANK ALVAREZ, was constructively discharged and falsely reported to authorities for stealing supplies as a direct result of, and in retaliation for, his reporting and opposing the above described unlawful conduct.

19. The above described actions of Defendants constitute a violation of the Fair Labor Standard Act, 29 U.S.C. § 215.

20. As a result of the retaliatory actions of Defendants, Plaintiff has suffered damages including lost wages, benefits, and other remuneration, emotional distress and humiliation. These losses are permanent or intermittent and will continue into the future.

21. As a result of Defendants' unlawful acts against Plaintiff, he has and will continue to incur attorney's fees and costs.

WHEREFORE, Plaintiff, FRANK ALVAREZ, demands a trial by jury against Defendants, GREGORY HVAC LLC and HEATH PERRY, Individually, for compensatory damages, lost wages and benefits, prejudgment interest, liquidated damages, attorney's fees and costs, and any other damages allowable by law.

**DEMAND FOR JURY TRIAL**

22. Plaintiff requests a jury trial on all issues so triable.

Dated this 26th day of July, 2019.

**FLORIN, GRAY, BOUZAS, OWENS, LLC**

*/s/ Miguel Bouzas*
**MIGUEL BOUZAS, ESQUIRE**
Florida Bar No.: 48943
miguel@fgbolaw.com
Secondary:   gina@fgbolaw.com
**WOLFGANG M. FLORIN, ESQUIRE**
Florida Bar No.: 907804
wolfgang@fgbolaw.com
16524 Pointe Village Drive, Suite 100
Lutz, FL 33558
Telephone (727) 254-5255
Facsimile (727) 483-7942

Attorneys for Plaintiff