UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FRANK ALVAREZ,

    Plaintiff,

v.                                                      Case No: 8:19-cv-1826-CEH-JSS

GREGORY HVAC LLC and
HEATH PERRY,

    Defendants.
_____/

## O R D E R

This cause comes before the Court upon Plaintiff's Motion for Default Final Judgment against Defendants Gregory HVAC LLC and Heath Perry (the "Motion for Default Judgment") (Doc. 37).

In this FLSA action, former HVAC installer Frank Alvarez contends that Gregory HVAC LLC and Heath Perry intentionally and willfully failed to compensate him for overtime hours and retaliated against him for requesting overtime pay. Having secured defaults against Gregory HVAC and Perry, Alvarez now moves under Rule 55(b)(1) for the Clerk to enter default judgment against Gregory HVAC and Perry on his claim for overtime pay. Because Alvarez's request for default judgment is deficient, the Court will deny the Motion for Default Final Judgment. The Court will also dismiss Alvarez's complaint, without prejudice, as a shotgun pleading.

## I.   BACKGROUND

The relevant facts and procedural history of this action are straightforward. Gregory HVAC LLC and Heath Perry allegedly employed Frank Alvarez as an HVAC installer from approximately January of 2019 to May of 2019. Doc. 1 ¶8. In this role, Alvarez allegedly earned approximately $500 per week. *Id.* According to Alvarez, he worked in excess of 40 hours per work week by completing pre-shift work off the clock, working during his lunch breaks, and responding to customers and other issues. *Id.* Alvarez claims that Gregory HVAC and Perry, whom Alvarez identifies as an officer of Gregory HVAC who had direct responsibility and control over employee compensation, failed to compensate him for any overtime work at a rate of one and one-half of his regular hourly rate. *Id.* at ¶9. Alvarez contends that Gregory HVAC and Perry threatened to report Alvarez to authorities for stealing supplies when Alvarez requested payment for all the hours that he had worked. *Id.* at ¶10. And Alvarez asserts that Gregory HVAC and Perry did report him to authorities for stealing supplies, even though the claim was "patently false." *Id.* at ¶11.

Alvarez sues Gregory HVAC and Perry individually. *Id.* at ¶¶5, 12–21. In Count I, Alvarez sues Gregory HVAC and Perry for "Overtime" under the Fair Labor Standards Act. *Id.* at ¶12–16. Alvarez contends that Gregory HVAC and Perry intentionally and willfully failed to pay the required overtime pay to him. *Id.* at ¶15. He requests "all legal and equitable relief allowed by law," including judgment against Gregory HVAC and Perry individually "for overtime compensation, liquidated

damages, prejudgment interest, payment of reasonable attorneys' fees and costs" and other such relief as the Court may deem just and proper. *Id.* at 3. In Count II, Alvarez sues Gregory HVAC and Perry for retaliation under the Fair Labor Standards Act. *Id.* at ¶¶17–21. Alvarez contends that he "was constructively discharged and falsely reported to authorities for stealing supplies as a direct result of, and in retaliation for, his reporting and opposing the above described unlawful conduct." *Id.* at ¶18. Alvarez demands "compensatory damages, lost wages and benefits, prejudgment interest, liquidated damages, attorney's fees and costs, and any other damages allowable by law." *Id.* at 4.

Neither Gregory HVAC nor Perry has appeared in this action. After the time for Gregory HVAC and Perry to timely respond to the complaint passed, Alvarez moved the Clerk to enter defaults against each party. Doc. 31 at 1; Doc. 32 at 1. The Clerk then entered the requested defaults. Doc. 34 at 1; Doc. 35 at 1.

Alvarez now moves under Rule 55(b)(1) of the Federal Rules of Civil Procedure for the Clerk to enter default judgment against Gregory HVAC and Perry on his claim under Count I only.[1] Doc. 37 at 3. He requests the Clerk's entry of default judgment on that claim in the amount of $5,737.50 in unpaid overtime compensation under the FLSA, plus $5,737.50 in liquidated damages under the FLSA, plus $9,520 in reasonable attorney's fees, plus any prejudgment interest and post-judgment interest. *Id.* at 3, 6.

---

[1] For Count II, Alvarez requests "a hearing and/or bench trial to determine his damages." Doc. 37 at 1 n.1.

3

## II. LEGAL STANDARD

Under Rule 55(b)(1) of the Federal Rules of Civil Procedure, "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person." Fed. R. Civ. P. 55(b)(1). "In all other cases, the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2).

A defendant who defaults is deemed to have "admit[ted] the plaintiff's well-pleaded allegations of fact," *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987), but "[t]he defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law," *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)[2]; *see also GMAC Commercial Mortg. Corp. v. Maitland Hotel Assocs.*, 218 F. Supp. 2d 1355, 1359 (M.D. Fla. 2002) (explaining that allegations in a well-pleaded complaint are established as fact on entry of a default judgment, as long as there is a stated claim that allows for relief and jurisdiction is established). "Entry of default judgment is only warranted when there is 'a sufficient basis in the pleadings for the judgment entered.'" *Surtain v. Hamlin Terrance Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015) (quoting *Nishimatsu Constr. Co.*, 515 F.2d at 1206)).

---

[2] In *Bonner v. City of Prichard,* the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981. 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

4

### III.   ANALYSIS

First, because Alvarez brings this action under the FLSA, the Court has subject matter jurisdiction. *See* 28 U.S.C. § 1331. Turning to Alvarez's request for default judgment, although Rule 55(b)(1) concerns the Clerk's entry of default judgment, rather than the Court's entry of default judgment, the Court has articulated a policy of reviewing motions under Rule 55(b)(1) and directing entry of judgment, if appropriate. *See*, *e.g.*, *A.A. Metals, Inc. v. Solutions In Stainless, Inc.*, No. 6:13-cv-330-GAP-DAB, 2013 WL 12207503, at *1 (M.D. Fla. May 6, 2013), *report and recommendation adopted*, No. 6:13-cv-330-GAP-DAB, 2013 WL 12205841, at *1 (M.D. Fla. May 23, 2013); *Transamerica Life Ins. Co. v. White as Trustee of Lawrence E. White Trust*, No. 6:20-cv-2258-ACC-GJK, 2021 WL 2143583, at *2 (M.D. Fla. May 4, 2021), *report and recommendation adopted*, No. 6:20-cv-2258-ACC-GJK, 2021 WL 2139054, at *1 (M.D. Fla. May 26, 2021).

Here, the Court will (A) analyze the validity of the Clerk's entry of defaults against Gregory HVAC and Perry before (B) examining the well-pleaded allegations of the complaint to determine liability and (C) briefly evaluating Alvarez's claimed damages. Although the Clerk properly entered defaults against Gregory HVAC and Perry, Alvarez fails to establish liability, his complaint is a shotgun pleading, and his claimed damages exceed the scope of Rule 55(b(1).

### A. The Clerk properly entered defaults against Gregory HVAC and Perry

"Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served." *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990). "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Here, Alvarez moved for the Clerk's entry of defaults against Gregory HVAC and Perry because they failed to respond to the complaint. Doc. 31 at 1; Doc. 32 at 1. In support, Alvarez provided verified returns of service. Doc. 31-1 at 1; Doc. 32-1 at 1. The Clerk entered the requested defaults. Doc. 34 at 1; Doc. 35 at 1. Because service upon Gregory HVAC and Perry was proper, the Clerk's entry of defaults was proper.

Beginning with Gregory HVAC, Alvarez alleges that Gregory HVAC is a limited liability company. Doc. 1 ¶4. Under the Federal Rules of Civil Procedure, an unincorporated association that is subject to suit under a common name must be served in one of the following ways: "(A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process . . . ." Fed. R. Civ. P. 4(h)(1). Under Rule 4(e)(1), service may be made by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made" or "delivering a copy of [the

summons and the complaint] to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(1)–(2). For the state-law avenue, Florida law provides that "process against a limited liability company, domestic or foreign, may be served on the registered agent designated by the limited liability company under Chapter 605." Fla. Stat. § 48.062(1).[3] Here, the verified return of service for Gregory HVAC indicates that a process server served Gregory HVAC through service upon Perry, Gregory HVAC's registered agent. Doc. 31-1 at 1. The review of the verified return of service demonstrates that service upon Gregory HVAC was proper.

Next, the Court examines service upon Perry. The Federal Rules of Civil Procedure provide that an individual may be served in accordance with "state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made" or, in relevant part, delivering a copy of the summons and of the complaint to the individual personally. Fed. R. Civ. P. 4(e)(1)–(2). Under Florida law, "[s]ervice of original process is made

---

[3] Under Florida law, a return of service is evidence of whether service was validly effected. *See Koster v. Sullivan*, 160 So. 3d 385, 388 (Fla. 2015). Service of process is presumed valid if the return of service is "regular on its face." *Id.* at 389. To be "regular on its face," a return of service must include the factors listed in Florida Statutes § 48.21. *Id.*; *see Coutts v. Sabadell United Bank, N.A.*, 199 So. 3d 1099, 1101 (Fla. 3d DCA 2016) ("*Koster* held that, to be considered regular on its face, a return of service must contain the information set forth in section 48.21 . . . ."). Section 48.21 provides, in relevant part, that every person affecting service of process must "note on a return-of-service form attached thereto the date and time when it comes to hand, the date and time when it is served, the manner of service, the name of the person on whom it was served, and, if the person is served in a representative capacity, the position occupied by the person." Fla. Stat. § 48.21(1). But the factors in § 48.031(1)(a) need not be expressly stated in a return of service. *Koster*, 160 So. 3d at 391.

by delivering a copy of it to the person to be served with a copy of the complaint, petition, or other initial pleading or paper . . . ." Fla. Stat. § 48.031(1)(a). Here, the verified return of service for Perry indicates that a process server served Perry individually. Doc. 32-1 at 1. The review of the verified return of service demonstrates that service upon Perry was proper.

Thus, service upon Gregory HVAC and Perry was proper, and the Clerk's entry of defaults was proper.

### B. Alvarez fails to establish liability and his complaint is a shotgun pleading

"A default judgment has the effect of establishing as fact the plaintiff's well-pleaded allegations of fact and bars the defendant from contesting those facts on appeal." *De Lotta v. Dezenzo's Italian Rest.*, No. 6:08-cv-2033-ACC-KRS, 2009 WL 4349806, at *1 (M.D. Fla. Nov. 24, 2009). Thus, in determining liability here, the Court must determine whether the complaint contains sufficient well-pleaded factual allegations. In this regard, the Motion for Default Judgment is comparable to a reverse motion to dismiss for failure to state a claim. *Surtain*, 789 F.3d at 1245; *see also Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997) ("[A] default judgment cannot stand on a complaint that fails to state a claim."). The complaint, therefore, must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The complaint must offer more than "labels and conclusions" or a

8

"formulaic recitation of the elements of a cause of action." *Id.* (internal quotation marks omitted). The Court has reiterated these principles concerning well-pleaded allegations when addressing Rule 55(b)(1) motions like the Motion for Default Judgment. *See, e.g.*, *A.A. Metals*, 2013 WL 12207503, at *1; *Transamerica Life Ins. Co.*, 2021 WL 2143583, at *2.

Here, Alvarez devotes slightly over half of a page of his six-page Motion for Default Judgment to addressing liability for his claim under Count I. Within that limited discussion, Alvarez offers one sentence to argue that his allegations establish the liability of Gregory HVAC and Perry: he contends that his "allegations in Count I of his [c]omplaint seeking overtime compensation for hours worked over 40 at [a] rate of one and [a] half times his rate of pay are deemed admitted" and that he "prevails on his claims" because Gregory HVAC and Perry have failed to "appear, answer, or substantively respond" to his complaint. Doc. 37 at 3. This one sentence fails to set forth the elements of his claim under Count I with citation to legal authority, identify well-pleaded allegations, or show how those well-pleaded allegations establish those elements. Alvarez's argument that his allegations concerning overtime compensation are deemed admitted because Gregory HVAC and Perry failed to appear or respond to the complaint is akin to an argument that he is entitled to a default judgment because the Clerk entered defaults against Gregory HVAC and Perry. However, Alvarez is not entitled to a default judgment against Gregory HVAC and Perry simply because the Clerk entered defaults against those parties. *Cloer v. Green Mountain Specialties Corp.*, No. 6:18-cv-999-PGB-LRH, 2018 WL 7287153, at *1 (M.D. Fla. Aug. 30, 2018). As

9

a result, the Motion for Default Judgment is deficient and due to be denied. *See*, *e.g.*, *id.*; *Sec'y of Labor, U.S. Dep't of Labor v. Gen. Projection Sys., Inc.*, No. 6:17-cv-855-WWB-LRH, 2018 WL 8129782, at *1–2 (M.D. Fla. Aug. 28, 2018); *Tan v. Sushi Yama Japanese Rest., Inc.*, No. 20-20679-Civ-WILLIAMS/TORRES, 2020 WL 6293216, at *2 (S.D. Fla. Aug. 4, 2020).

A review of the complaint reveals another obstacle to establishing liability: Alvarez's complaint is a shotgun pleading. "Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'" *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015). The Eleventh Circuit has identified those complaints that contain "multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint," as one type of shotgun pleading. *Id.* at 1321. Like other types of shotgun pleadings, this form of pleading fails to provide the defendants with "adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1324. When faced with a shotgun pleading, a court should strike the complaint and instruct the plaintiff to file a more definite statement." *See Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 984 (11th Cir. 2008) (collecting cases), *abrogated on other grounds by Iqbal*, 552 U.S. at 662.

Here, each count of the two-count complaint realleges all prior paragraphs. Doc. 1 ¶¶12, 17. Thus, Count II realleges all prior paragraphs, including those paragraphs offered in support of Count I. *Id.* at ¶17. As a result, Count II is a

10

combination of the entire complaint. This form of pleading establishes the complaint as a shotgun pleading. And because the complaint is a shotgun pleading, the Court will dismiss the complaint, without prejudice, and provide Alvarez leave to file an amended complaint that conforms to the Federal Rules of Civil Procedure. *See Sundesa, LLC v. JH Studios, Inc.*, No. 8:19-cv-1809-CEH-AAS, 2020 WL 4003127, at *7 (M.D. Fla. July 15, 2020) (denying a motion for default judgment and dismissing a complaint as a shotgun pleading). If he files an amended complaint, Alvarez shall ensure that he avoids shotgun pleading pitfalls and complies with applicable pleading requirements.

### C. Alvarez's claimed damages exceed the scope of Rule 55(b)(1)

Finally, although the deficiencies outlined above obviate the need to analyze Alvarez's claimed damages, the Court will briefly examine the damages to highlight his improper request for relief under Rule 55(b)(1).

Under Rule 55(b)(1), "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation," then, upon the plaintiff's request with an affidavit showing the amount due, the Clerk "must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person." Fed. R. Civ. P. 55(b)(1). "The Rule carefully limits the clerk's authority to those cases where entry of judgment is a purely ministerial act, since sound policy dictates that the clerk should not be invested with discretionary power." *Combs v. Coal & Mineral Mgmt. Servs., Inc.*, 105 F.R.D. 472, 474 (D.D.C. 1984).

11

As a result, and in the absence of any Supreme Court or Eleventh Circuit cases squarely addressing this issue, some district courts in this Circuit have held that the clerk may not enter a default judgment under Rule 55(b)(1) when the plaintiff seeks an award of reasonable attorney's fees. *See*, *e.g.*, *Lubin, Sarl, a French Co. v. Lubin N. Am., Inc.* No. 1:13-cv-2696-AT, 2014 WL 12042543, at *1 (N.D. Ga. Mar. 14, 2014) ("Attorney fees are simply not a sum certain and therefore bar entry of judgment by the Clerk."); *Carter v. Macon Manor NRC, LLC*, No. 5:06-cv-00030(0HL), 2007 WL 951419, at *2 (M.D. Ga. Mar. 24, 2007) ("Rule 55(b)(1) does not allow an award of attorney fees as part of a default judgment entered by the clerk."); *Synovus Bank v. ACCU V*, No. 11-0116-WS-B, 2012 WL 4760780, at *1 n.1 (S.D. Ala. Oct. 4, 2012) ("Because the plaintiff seeks attorney's fees and expenses as part of its contractual recovery, and because the reasonableness of such fees and expenses cannot 'be made certain by computation,' entry of judgment must proceed from the court under Rule 55(b)(2) and not from the Clerk under Rule 55(b)(1).").

Numerous courts outside of this Circuit join these district courts in holding that the Clerk may not enter a default judgment under Rule 55(b)(1) when a plaintiff seeks reasonable attorney's fees. *See*, *e.g.*, *Assist Fin. Servs., Inc. v. Freight One Transp.*, No. 4:20-cv-4015-LLP, 2020 WL 4673317, at *2 (D.S.D. 2020) ("Courts that have addressed this issue have concluded that 'reasonable attorney's fees' are not sum certain within the meaning of Rule 55(b)(1)."); *Stolicker v. Muller, Muller, Richmond, Harms, Myers, and Sgroi, P.C.*, No. 1:04-cv-733, 2005 WL 2180481, at *5 (W.D. Mich. Sept. 9, 2005) ("Cases discussing whether a reasonable attorney's fees is a sum certain

12

in the context of the [F]ederal [R]ules of [C]ivil [P]rocedure are instructive and establish that a 'reasonable attorney fee' is a not a 'sum certain.'"); *Phillips 66 Co. v. Granier*, No. 1:13-cv-1890 LJO-BAM, 2015 WL 3797396, at *2 (E.D. Cal. June 18, 2015) ("A calculation of reasonable attorneys' fees is not a sum certain calculation, and the default judgment entered by the Clerk of Court pursuant to [Rule] 55(b)(1) is no longer proper.").

These courts persuasively recognize that claims for reasonable attorney's fees prevent the Clerk from entering a judgment under Rule 55(b)(1) because determining the "reasonableness of attorney's fees necessitates a judgment call by the Court." *Int'l Union of Operating Eng'rs, Local 4 v. Stanley Excavation,* 243 F.R.D. 25, 27 n.5 (D. Me. 2007); *see also Assist Fin. Servs.*, 2020 WL 4673317, at 2 ("In addition, any award of attorney's fees will require the Court to exercise its discretion in determining what is reasonable.").

Here, Alvarez requests "payment of reasonable attorneys' fees and costs incurred in the prosecution of" the claim under Count I. Doc. 1 at 3. In the Motion for Default Judgment, he seeks an award of $9,520 for "reasonable attorneys' fees incurred to date." Doc. 37 at 6. In support, he supplies his attorney's time sheet, which provides a total of $9,520 at a rate of $400 per hour for 23.8 hours, Doc. 37-3 at 3, and a declaration from his attorney, in which his attorney states that he is "seeking an hourly rate of $400" and that "[a]ll of the time expended was necessary in the exercise of reasonable billing judgment for the successful prosecution of the matter," Doc. 37-4 at 2–3. This request for an award of reasonable attorney's fees exceeds the scope of

13

Rule 55(b)(1) because the request necessitates the Court's determination of the reasonableness of those fees. To the extent that Alvarez files an amended complaint and thereafter moves for default judgment inclusive of a request for an award of reasonable attorney's fees, he must move under Rule 55(b)(2).[4]

### IV.   CONCLUSION

The Court will deny the Motion for Default Judgment because Alvarez fails to establish the liability of Gregory HVAC and Perry. Also, his request for reasonable attorney's fees exceeds the scope of Rule 55(b)(1). Finally, the Court will dismiss Alvarez's complaint as a shotgun pleading.

Accordingly, it is **ORDERED**:

1. Plaintiff's Motion for Default Final Judgment against Defendants Gregory HVAC LLC and Heath Perry (Doc. 37) is **DENIED**.

2. The complaint (Doc. 1) is **DISMISSED without prejudice** as a shotgun pleading.

3. The Court grants Alvarez leave to file an amended complaint, which cures the deficiencies discussed in this order, within **FOURTEEN (14) DAYS** from the date of this order. If Alvarez files an amended complaint, he must serve that complaint in accordance with the Federal Rules of Civil Procedure. Failure to file an amended complaint within the time provided

---

[4] In light of this analysis, the Court need not analyze whether Alvarez may recover his remaining damages under Rule 55(b)(1).

will result in the dismissal of this action without prejudice and without further notice.

**DONE AND ORDERED** in Tampa, Florida on August 30, 2021.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any