**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

FRANK ALVAREZ,

      Plaintiff,

v.                                                        Case No: 8:19-cv-1826-CEH-JSS

GREGORY HVAC LLC and
HEATH PERRY,

      Defendants.

_____/

## O R D E R

      This cause comes before the Court upon Plaintiff's Renewed Motion for Default Final Judgment (Doc. 48). Former HVAC installer Frank Alvarez moves for default judgment against Gregory HVAC and Heath Perry on his claims for unpaid overtime under the Fair Labor Standards Act of 1938. For the reasons set forth below, the Court will grant the Renewed Motion for Default Final Judgment.

## I. BACKGROUND

      Defendants Gregory HVAC LLC and Heath Perry allegedly employed Plaintiff Frank Alvarez as an HVAC installer from January of 2019 to May of 2019. Doc. 1 ¶9. In this role, Alvarez's hourly rate was $12.50 per hour worked. *Id.* at ¶10. Alvarez alleges that, as an exempt employee under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.*, he was entitled to compensation at the rate of one and one-half times his regular pay for each hour worked in excess of 40 hours per week. *Id.* at ¶11.

According to Alvarez, he worked more than 40 hours per work week by completing pre-shift work off the clock, working during his lunch breaks, and responding to customers and other issues at the facility. *Id*. at ¶¶12–13. On average, Alvarez worked approximately 49 hours per week. *Id.* at ¶16. However, Gregory HVAC and Perry—an "officer, director, manager, owner, and/or operator" of Gregory HVAC who had direct responsibility and control over employee compensation—failed to compensate him for any overtime work at a rate of one and one-half of his regularly hour rate. *Id.* at ¶¶6, 13, 16. Instead of paying Alvarez at this rate for all hours worked in excess of 40 hours per work week, Gregory HVAC and Perry allegedly paid him $500 per week, regardless of the number of hours that he worked. *Id.* at ¶14. Alvarez contends that Gregory HVAC and Perry failed to keep accurate time records of the number of hours that he worked, even though they knew, or should have known, that he worked more than 40 hours per week. *Id.* at ¶15.

When Alvarez requested payment for all the hours that he had worked, Perry allegedly threatened to report him to authorities for stealing supplies. *Id.* at ¶17. Alvarez asserts that Gregory HVAC and Perry reported him to authorities for stealing supplies, even though the claim was "patently false." *Id.* at ¶18.

Alvarez sues Gregory HVAC and Perry. *Id.* at ¶¶19–40. In Count I, he sues Gregory HVAC for "Unpaid Overtime" under the Fair Labor Standards Act. *Id.* at ¶¶19–23. He alleges that Gregory HVAC's failure to pay him overtime compensation in accordance with the FLSA was intentional and willful. *Id.* at ¶22. He brings a nearly

identical claim for "Unpaid Overtime" against Perry in Count II. *Id.* at ¶¶24–29.  In these claims, he requests "all legal and equitable relief allowed by law," including judgment against Gregory HVAC and Perry, individually, "for overtime compensation, liquidated damages, prejudgment interest, payment of reasonable attorneys' fees and costs," equitable relief "declaring and mandating the cessation of . . . the unlawful pay policy," and other such relief as the Court may deem just and proper.[1] *Id.* at 7, 9.

In Count III, Alvarez sues Gregory HVAC for retaliation under the FLSA. *Id.* at ¶¶30–34. He alleges that he "was constructively discharged and falsely reported to authorities for stealing supplies as a direct result of, and in retaliation for," reporting and opposing Gregory HVAC's unlawful pay practices and for requesting proper payment under the FLSA for hours worked in excess of 40 hours per work week. *Id.* at ¶31. He brings a nearly identical claim for retaliation under the FLSA against Perry in Count IV, except that he adds that Perry "falsely reported, or caused to be falsely reported," that Alvarez had stolen supplies in retaliation for Alvarez engaging in protected activity. *Id.* at ¶¶35–40. In both claims, Alvarez demands "compensatory damages, lost wages and benefits, prejudgment interest, liquidated damages, attorney's fees and costs, and any other damages allowable by law." *Id.* at 10–11.

---

[1] Alvarez may not recover both liquidated damages and prejudgment interest under the FLSA, *Joiner v. City of Macon*, 814 F.2d 1537, 1539 (11th Cir. 1987), but he may request these remedies in the alternative, *Torres v. Rock & River Food Inc.*, 244 F. Supp. 3d 1320, 1334 (S.D. Fla. 2016).

An earlier order denied Alvarez's request for default judgment and dismissed his complaint as a shotgun pleading. Doc. 40 at 14. Afterwards, Alvarez filed the Amended Complaint (Doc. 41), which is the operative pleading. Neither Defendant Gregory HVAC nor Defendant Perry has appeared in this action. The Clerk has entered defaults against them. Doc. 44 at 1; Doc. 45 at 1.

Alvarez now moves under Rule 55(b)(2) of the Federal Rules of Civil Procedure for default judgment "on Count I for unpaid overtime against . . . Gregory HVAC and Perry" in the amount of $2,868.75 in unpaid overtime compensation under the FLSA, plus $2,868.75 in liquidated damages under the FLSA, plus $903 for court costs, plus $9,520 for reasonable attorney's fees incurred to date, plus any post-judgment interest. Doc. 48 at 12–13.

## II.  LEGAL STANDARD

Under Rule 55(b)(2) of the Federal Rules of Civil Procedure, a party may apply to the Court for a default judgment. Fed. R. Civ. P. 55(b)(2). A defendant who defaults is deemed to have "admit[ted] the plaintiff's well-pleaded allegations of fact," *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987), but "[t]he defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law," *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)[2]; *see also GMAC Commercial Mortg. Corp. v. Maitland Hotel Assocs.*, 218 F. Supp. 2d 1355,

---

[2] In *Bonner v. City of Prichard,* the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981. 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

1359 (M.D. Fla. 2002) (explaining that allegations in a well-pleaded complaint are established as fact on entry of a default judgment, as long as there is a stated claim that allows for relief and jurisdiction is established). "Entry of default judgment is only warranted when there is 'a sufficient basis in the pleadings for the judgment entered.'" *Surtain v. Hamlin Terrance Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015) (quoting *Nishimatsu Constr. Co.*, 515 F.2d at 1206)).

## III. ANALYSIS

Alvarez moves for default judgment "on Count I for unpaid overtime against Defendants, Gregory HVAC LLC and Heath Perry." Doc. 48 at 1. As discussed above, however, Alvarez brings two claims for unpaid overtime: one claim against Gregory HVAC (Count I) and one claim against Perry (Count II). Thus, although Alvarez seeks default judgment on "Count I" against both of the defendants, Count I pertains to only Gregory HVAC. In his prior complaint, Alvarez sued both Gregory HVAC and Heath Perry in Count I for "Overtime." Doc. 1 at 3. As such, like his request in the Renewed Motion for Final Default Judgment, Alvarez previously sought default judgment "on Count I for unpaid overtime against Defendants, Gregory Hvac LLC and Heath Perry." Doc. 37 at 6. Because he has since amended his complaint to bring separate, but nearly identical, claims for unpaid overtime wages under the FLSA against Gregory HVAC and Perry, the Court construes the Renewed Motion for Final Default Judgment as seeking entry of default judgment on Counts I and II.

Additionally, Alvarez does not seek entry of default judgment on his two claims for retaliation under the FLSA. Instead, he buries a request for "a hearing and/or bench trial to determine damages" in a footnote. Doc. 48 at 2 n.1. But, inexplicably, he does not seek partial default judgment (as to liability) on those claims, nor does he even address whether his allegations sufficiently state claims for retaliation under the FLSA. As such, the Court will schedule a status conference by separate notice to address these claims.

Having addressed these preliminary matters, the Court will: (A) examine whether Alvarez sufficiently alleges the liability of Gregory HVAC and Perry; (B) analyze whether Alvarez has provided sufficient evidence to support his claimed damages for overtime compensation; and (C) determine whether Alvarez may recover reasonable attorney's fees and costs.[3]

### A. Alvarez Sufficiently Alleges the Liability of Gregory HVAC and Perry for Overtime-Wage Violations under the FLSA

The FLSA provides that

> no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(1).

---

[3] Because Alvarez brings this action under the FLSA, the Court has subject matter jurisdiction. *See* 28 U.S.C. § 1331. Further, an earlier order provides that Alvarez properly served Gregory HVAC and Perry. Doc. 42 at 2–5.

To state a claim for unpaid overtime wages under the FLSA, a plaintiff must allege sufficient facts to show that (1) the defendant employed him or her; (2) either the defendant constitutes an enterprise engaged in interstate commerce so as to qualify for "enterprise coverage," or the FLSA covers the plaintiff through "individual coverage"; (3) the plaintiff worked in excess of a 40-hour work week (4) the defendant failed to pay overtime wages to the plaintiff. *See Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1277 n.68 (11th Cir. 2008); *Sims v. UNATION, LLC*, 292 F. Supp. 3d 1286, 1292 (M.D. Fla. 2018).

Subject to exceptions not applicable here, the FLSA defines "employee" as "any individual employed by an employer." 29 U.S.C. § 203(e)(1). The FLSA broadly defines an "employer" as "includ[ing] any person acting directly or indirectly in the interest of an employer in relation to an employee . . . ." *Id.* § 203(d). The statute contemplates that several employers responsible for FLSA compliance may exist. *Mendoza v. Discount C.V. Joint Rack & Pinion Rebuilding, Inc.*, 101 F. Supp. 3d 1282, 1289 (S.D. Fla. 2015). Further, the statute's broad "employer" definition enables a covered employee to file an action directly against an employer who fails to pay him the statutory wage, or file a "derivative claim against any person who (1) acts on behalf of that employer and (2) asserts control over conditions of the employee's employment." *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1298 (11th Cir. 2011).

Whether an individual falls within the "employer" definition "does not depend on technical or isolated factors but rather on the circumstances of the whole activity." *Alvarez Perez v. Sanford-Orlando Kennel Club*, 515 F.3d 1150, 1160 (11th Cir. 2008). An

officer involved in the day-to-day operation or who maintains some direct responsibility for supervising the employee qualifies as an "employer." *Id.* Further, "a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages." *Id.* (internal quotation marks omitted). And individual supervisors or managers may be held jointly and severally liable with an employer-LLC for failing to pay overtime wages under the FLSA. *See, e.g., Brown v. FLHP-MS, LLC*, No. 6:09-cv-490-JA-KRS, 2010 WL 11507088, at *2 (M.D. Fla. July 6, 2010), *report and recommendation adopted*, No. 6:09-cv-490-JA-KRS, 2010 WL 11507172, at *1 (M.D. Fla. July 30, 2010); *Miller v. Sui Generis Endeavors, LLC*, No. 3:16-cv-612-MCR/GRJ, 2017 WL 11664439, at *2–3 (N.D. Fla. June 15, 2017).

Here, Alvarez's allegations sufficiently state that Gregory HVAC and Perry employed him—he alleges that Gregory HVAC and Perry employed him as a full-time HVAC installer from January of 2019 to May of 2019, with Perry involved in the day-to-day operations of Gregory HVAC, controlling his compensation, and having direct responsibility for his supervision; that he received $12.50 per hour; and that he worked approximately 49 hours per week on average.

Next, Alvarez must allege facts indicating that the FLSA "covers" him, either through "individual coverage" or "enterprise coverage." *See Thorne v. All Restoration Servs., Inc.* 448 F.3d 1264, 1265–66 (11th Cir. 2006). For enterprise coverage, the FLSA defines "an enterprise engaged in commerce or in the production of goods for commerce" in relevant part, as an enterprise that

(i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and

(ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) . . . .

29 U.S.C. § 203(s)(i)(A)(i)–(ii).

For individual coverage, "an employee is covered if he or she is engaged either in commerce or in the production of goods for commerce." *Sims*, 292 F. Supp. 3d at 1293 (citing *Thorne*, 448 F.3d at 1266). "An individual is engaged in commerce if he or she 'directly participat[es] in the actual movement of persons or things in interstate commerce by (i) working for an instrumentality of interstate commerce . . . or (ii) by regularly using the instrumentalities of interstate commerce in his work.'" *Id.* (alterations in original) (quoting *Thorne*, 448 F.3d at 1266). Further, "[p]articipation must be by regularly using instrumentalities of interstate commerce, and interstate activities must be regular and recurrent, and not sporadic." *Id.*

Here, Alvarez alleges that Gregory HVAC is an "enterprise engaged in commerce" because the company employs people engaged in commerce, or in the production of goods for commerce, or otherwise has employees handling, selling, or working on goods that have been moved in, or produced for, commerce. He also alleges that Gregory HVAC's annual gross volume of sales or business exceeds $500,000. He further alleges that, through his work for Gregory HVAC and Perry, he regularly engaged in commerce, handled goods in commerce and the production of

goods for commerce, and utilized the instrumentalities of commerce. His allegations are sufficient.

Finally, Alvarez alleges that he worked approximately 49 hours per week on average and that Gregory HVAC and Perry failed to compensate him at a rate of time and one-half his regular pay for overtime work.

Therefore, Alvarez sufficiently alleges the liability of Gregory HVAC and Perry for overtime-wage violations under the FLSA.

### B. Alvarez Provides Sufficient Evidence for His Claimed Overtime Compensation Damages

Under the FLSA, any employer who violates the overtime-wage provisions of 29 U.S.C. § 207 shall be liable to the affected employee in the amount of the employee's unpaid overtime compensation and an additional equal amount as liquidated damages. 29 U.S.C. § 216(b).

"An employee who brings suit under Section 216(b) of the FLSA has the burden of proving that he or she 'performed work for which he was not properly compensated.'" *Saphos v. Grosse Pointe Dev. Co., Inc.*, No. 6:06-cv-257-PCF-DAB, 2008 WL 976839, at *3 (M.D. Fla. Apr. 9, 2008) (quoting *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 686–87 (1946), *superseded by statute on other grounds as stated in Integrity Staffing Solutions, Inc. v. Busk*, 574 U.S. 27, 31–33 (2014)). When the employer's records are inaccurate or inadequate, an employee carries this burden by producing "sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Id.* (internal quotation marks omitted). Upon such a showing, the "burden

then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence." *Id.* (internal quotation marks omitted). Courts analyzing motions for default judgment employ this standard in reviewing a plaintiff's claimed damages. *See, e.g.*, *Hammonds v. Age Mgmt. & Optimal Wellness, Inc.*, No. 8:16-cv-429-MSS-AEP, 2017 WL 10276703, at *3 (M.D. Fla. Feb. 6, 2017); *Onofre v. Higgins AG, LLC*, No. 8:21-cv-311-TPB-TGW, 2021 WL 6498121, at *2 (M.D. Fla. Dec. 29, 2021), *report and recommendation adopted*, 8:21-cv-311-TPB-TGW, 2022 WL 138096, at *1 (M.D. Fla. Jan. 14, 2022).

Alvarez provides sufficient evidence for his claimed damages. Alvarez alleges in the Amended Complaint that Gregory HVAC and Perry failed to keep accurate time records of the hours that he worked. In support of the Renewed Motion for Default Final Judgment, he provides a declaration and five timesheets. Alvarez's declaration and the timesheets constitute sufficient evidence to show the amount and extent of his work as a matter of just and reasonable inference. His evidence indicates both the amount and extent of his work. In addition to declaring that Gregory HVAC and Perry employed him as a full-time HVAC installer for 17 weeks (from January 14, 2019, to May 17, 2019) and that he "was supposed to be paid $12.50 per hour" during this time, he states that he received $500 per week, regardless of how many hours he worked, and that he worked an average of 49 hours per week without receiving

overtime compensation a rate of time and one-half his regular rate of pay.[4] Doc. 48-1 at 1. He claims that his timesheets, which indicate an average of 49.13 hours of work, are indicative of the hours that he routinely worked. *Id.* at 1, 3–6. As such, he states that he is owed compensation at the rate of one and one-half his regular rate of pay for 9 hours for each week that he worked for Gregory HVAC and Perry. Doc. 48-1 at 1. Multiplying Alvarez's hourly rate of $12.50 by one and one-half produces an overtime hourly rate of $18.75. Next, multiplying this $18.75 overtime rate by 9 hours by 17 weeks produces $2,868.75. Alvarez seeks this amount.

As such, the Court accepts Alvarez's affidavit and timesheets as sufficient evidence to demonstrate the amount and extent of his work as a matter of just and reasonable inference. Gregory HVAC and Perry have not produced any evidence or otherwise controverted Alvarez's evidence in response. Thus, Alvarez is entitled to the undisputed amount of $2,868.75 in overtime compensation.

Alvarez also seeks $2,868.75 in liquidated damages. He alleges that the failure of Gregory HVAC and Perry to pay him the requisite overtime pay was intentional and willful.  As explained above, an employer who violates 29 U.S.C. § 207 shall be liable to the affected employee in the amount of the employee's unpaid overtime compensation "and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Liquidated damages under the FLSA are "compensatory in nature." *Snapp v. Unlimited Concepts, Inc.*, 208 F.3d 928, 934 (11th Cir. 2000). "An employer who seeks

---

[4] $12.50 per hour for 40 hours is $500.

to avoid liquidated damages as a result of violating the provisions of the FLSA bears the burden of proving that its violation was both in good faith and predicated upon reasonable grounds." *Hammonds*, 2017 WL 10276703, at *4 (citing *Joiner*, 814 F.2d at 1538). Indeed, liquidated damages under the FLSA for overtime-wage claims are "mandatory absent a showing of good faith." *Joiner*, 814 F.2d at 1539.

Here, Alvarez sufficiently alleges that Gregory HVAC and Perry violated § 207. As discussed above, Alvarez demonstrates that he is entitled to $2,868.75 in overtime compensation. Gregory HVAC and Perry have failed to establish that they violated the FLSA in good faith or otherwise show that liquidated damages are not warranted. *See*, *e.g.*, *Maldonado v. Stoneworks of Manatee, LLC*, No. 8:17-cv-60-CEH-CPT, 2020 WL 10486667, at *1 (M.D. Fla. Jan. 27, 2020) (explaining that the defendant's failure to respond to the complaint constituted a failure to show good faith); *Sawicki v. Anauel Catering Corp.*, No. 17-22402-CIV-ALTONAGA/Goodman, 2017 WL 7796308, at *2 (S.D. Fla. Nov. 6, 2017) (same). Thus, Alvarez is entitled to liquidated damages in the amount of $2,868.75.

Therefore, Alvarez is entitled to $2,868.75 in unpaid overtime compensation and $2,868.75 in liquidated damages.

### C. Alvarez May Recover Reasonable Attorney's Fees and Costs

Under the FLSA, a court must "allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). Alvarez is entitled to reasonable attorney's fees and costs.

Courts use the federal lodestar approach in determining awards of reasonable attorneys' fees under the FLSA. *See Walker v. Iron Sushi, LLC*, 752 F. App'x 910, 913 (11th Cir. 2018).[5] To calculate a reasonable award of attorneys' fees, courts multiply the number of hours reasonably expended by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433–34 (1983); *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). In determining the lodestar figure, a "reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation." *Norman*, 836 F.2d at 1299. In this context, "market rate" is the hourly rate charged in the local legal market by an attorney with experience in the area of law who would be willing and able to take the case. *Am. Civil Liberties Union of Ga. v. Barnes*, 168 F.3d 423, 437 (11th Cir. 1999). The fee applicant bears the burden of establishing that the requested rate is in line with the prevailing market rate. *Norman*, 836 F.2d at 1299. Satisfactory evidence, at a minimum, must consist of "more than the affidavit of the attorney performing the work" and "must speak to rates actually billed and paid in similar lawsuits." *Id.*

Here, a timesheet of Alvarez's attorney indicates that the attorney expended 23.8 hours working on the action. Doc. 48-3 at 3. The time sheet indicates that the attorney billed for work such as drafting the complaint, drafting motions and responses

---

[5] Unpublished opinions of the Eleventh Circuit are not binding precedent, but may be cited as persuasive authority. 11th Cir. R. 36-2.

to orders, and discussing the action with his client.[6] *Id.* at 1–3. None of the charges appears excessive, redundant, or otherwise unnecessary. As such, the attorney's expended time is reasonable.

Next, Alvarez's counsel seeks an hourly rate of $400. Alvarez's attorney provides a declaration, in which he states that he is a shareholder in his firm, he has practiced labor and employment law exclusively since 2007, and that he was awarded $325.00 per hour and $400 per hour in two recent overtime cases. Doc. 48-4 at 2. The Court agrees that $400 is a reasonable hourly rate for Alvarez's counsel. *See Lopez v. City Buffet Inc*, No. 6:19-cv-1151-WWB-EJK, 2022 WL 783829, at *1 (M.D. Fla. Jan. 7, 2022) (collecting cases showing that $400 per hour was a reasonable rate for more experienced attorneys), *report and recommendation adopted sub nom. Lopez v. City Buffet Inc.*, 6:19-cv-1151-WWB-EJK, 2022 WL 218490, at *1 (M.D. Fla. Jan. 25, 2022); *see also Onofre*, 2021 WL 6498121, at *1 (recommending that the court award a $400 hourly rate to the plaintiff's attorney in an FLSA action where the attorney was a shareholder of a solo practice, had practiced since 2006, and over 70% of his practice involved FLSA litigation). As such, Alvarez is entitled to an award of $9,520 in attorney's fees, which is an hourly rate of $400 multiplied by 23.8 hours.

Finally, as the prevailing party, Alvarez is also entitled to an award of costs. He seeks $903 in costs, which represents a $400 fee for initiating this action, plus $503 for service of process. Doc. 48 at 11. He provides receipts for these incurred costs. Doc.

---

[6] Alvarez's attorney does not seek fees or costs for "any litigation activities" since the filing of the Amended Complaint in September of 2021. Doc. 48 at 11 n.2.

48-2 at 1–6. The Court will award him $903 in costs. The Court will also award post-judgment interest, even though Alvarez requests it in the Renewed Motion for Default Final Judgment and not in the Amended Complaint, because awarding post-judgment interest is mandatory. *See* 28 U.S.C. § 1961(a) ("Interest shall be awarded on any money judgment in a civil case recovered in a district court."); *Am. Contractors Indem. Co. v. MD Constr. Servs. USA, Inc.*, 6:16-cv-952-CEH-GJK, 2016 WL 11581679, at *4 (M.D. Fla. Dec. 8, 2016) (stating that the plaintiff's failure to request post-judgment interest did not preclude a post-judgment interest award because given the mandatory nature of such an award), *report and recommendation adopted*, No. 6:16-cv-952-PGB-GJK, 2017 WL 11025405, at *1 (M.D. Fla. Jan. 4, 2017).

Therefore, Alvarez is entitled to an award of $9,520 in attorney's fees, $903 in costs, and post-judgment interest.

## IV.  CONCLUSION

Based on the foregoing analysis, Alvarez sufficiently alleges the liability of Gregory HVAC and Perry, provides sufficient evidence to support his claimed damages for overtime compensation, and may recover reasonable attorney's fees and costs.

Accordingly, it is **ORDERED**:

1. Plaintiff's Renewed Motion for Entry of Default Judgment (Doc. 48) is **GRANTED**.

2. Plaintiff Frank Alvarez is to be awarded damages in the amount of $2,868.75 in unpaid overtime wages, plus $2,868.75 in liquidated damages, plus $9,520

in attorney's fees, plus $903 in costs, plus post-judgment interest calculated at the statutory rate.

3. The Clerk is **DIRECTED** to enter a final default judgment in favor of Plaintiff Frank Alvarez and against Defendant Gregory HVAC LLC and against Defendant Heath Perry, jointly and severally, in the amount of $16,160.50, plus post-judgment interest calculated at the statutory rate.

4. The Court will schedule a status conference, by separate notice, to address Counts III and IV. If Alvarez desires to dismiss those claims, he must promptly file a notice of voluntary dismissal in accordance with Rule 41(a)(1)(A)(i), Fed. R. Civ. P.

**DONE AND ORDERED** in Tampa, Florida on August 4, 2022.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any